John and Kelly Adams (In pro per)
4119 Stone Valley Court
Chico, CA 95973
530-521-0348



FILED
NOV 30 2011
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In re:

RYAN WILLIAM EDWARDS,

    Debtor.

---

JOHN ADAMS and KELLY ADAMS, individually and dba RENT A SHED FRANCHISE, CORP.,

    Plaintiffs

    v.

RYAN WILLIAM EDWARDS,

    Defendant

Case No: 11-33797-B-7

Adversary No: 11-2649

FIRST AMENDED ADVERSARY COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT (11 USC §523(a) (2), (4) AND (6).

    Plaintiffs allege:

    1. Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 15, 2011. Plaintiffs are listed in Schedule F as creditors.

    2. This adversary proceeding is one arising in the Defendant's Case No. 10-36308-C-7, filed under chapter 7 of title 11 now pending in this court. The court has jurisdiction of this

---

FIRST AMENDED ADVERSARY COMPLIANT

- 1 -

adversary proceeding pursuant to *28 U.S.C. § 1334* and 11 *U.S.C. §523(a) (2) (4) and (6)*. This is a core proceeding under *28 U.S.C. § 157(b) (2) (I)*.

### First Cause of Action
### Objection to Dischargeability of Obligation owed Plaintiffs

3. On or about June 1, 2009, Defendant and Plaintiffs entered into an agreement whereby Defendant purchased a franchise business from Plaintiffs known as Rent A Shed of Chico, California. Defendant agreed to operate said franchise, pay Plaintiffs for the business in the amount of $900,000 (later reduced to $800,000), pay royalties and rent to Plaintiffs, and maintain the business in a commercially appropriate manner.

4. Defendant failed to make payments to Plaintiffs as required, failed to pay royalties or rent to Plaintiffs and acted to undermine and destroy the business by selling the sheds (that were to be rented), by failing to maintain equipment and materials, by failing to keep the business open during appropriate hours, by failing to reconstruct new sheds and by failing and refusing to operate the business in a commercially acceptable manner.

5. Defendant, prior to purchasing the business, had been properly trained by Plaintiffs and had worked in the business. He was well aware of the responsibilities and obligations of operation. Nonetheless, from the first day that Defendant took over the operation of Rent A Shed in Chico, he began to harm the business and sell off the main assets.

6. Debts incurred by fraud are not dischargeable pursuant to 11 USC §523 (a) (2) or (a) (4). Debts incurred due to willful and malicious injuries are denied discharge under 11 USC 523(a) (6).

7. Defendant acted fraudulently in that he knowingly refused to pay Plaintiff s, acted to destroy the business and, apparently, had the intent to do so from the day he entered into the agreement with Plaintiff s. The debt should not be discharged under *11 USC §523(a) (2)*.

8. Defendant acted as a fiduciary in his relationship with Plaintiff s in that he agreed to operate a franchise whereby he would pay royalties, operate the business under a registered trademark and name and conduct said business in the manner and style set forth in the franchise

agreement. In doing the acts herein alleged he acted fraudulently in that capacity and the debt to Plaintiff's should not be discharged under *11 USC §523(a)(4)*.

9. In doing the alleged acts, hereinabove described, Defendant acted willfully and maliciously and therefore his debt to Plaintiff's should not be discharged under *11 USC §523(a)(6)*.

WHEREFORE, plaintiffs pray as follows:

1. That Plaintiffs receive judgment against Defendant in an amount according to proof.
2. That said judgment be declared to be a non-dischargeable debt in this, or any other bankruptcy proceeding;
3. For costs of this action; and
4. For such other and further relief as the court deems just and proper.

Dated: 11-28-11

By: *[signature]*
John Adams

Dated: 11-28-11

By: *[signature]*
Kelly Adams

FIRST AMENDED ADVERSARY COMPLIANT

- 3 -